# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-2564 |
| | ) | |
| LINDA B. PHILLIPS; | ) | Judge |
| ROBERT S. PHILLIPS; | ) | |
| COUNTY OF SUFFOLK, NEW YORK; | ) | Magistrate Judge |
| J.S. FUNDING CORPORATION; | ) | |
| COMMISSIONER OF THE NEW YORK | ) | |
|   DEPARTMENT OF TAXATION AND | ) | |
|   FINANCE; | ) | |
| SW ANDERSON SALES CO.; | ) | |
| CLERK OF THE SUFFOLK COUNTY | ) | |
|   TRAFFIC AND PARKING | ) | |
|   VIOLATIONS AGENCY; | ) | |
| TOWN OF SMITHTOWN RECEIVER OF | ) | |
|   TAXES; | ) | |
| CALVARY SPV I, LLC AS ASSIGNEE OF | ) | |
|   CITIBANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401 and 7403, brings this civil action to enforce the federal tax liens against certain real property previously titled in the name of Defendants Linda B. and Robert S. Phillips and presently titled in the name of the County of Suffolk, New York, which acquired it from the County Comptroller after the County obtained a Certificate at a public auction based on unpaid real property taxes. For its complaint, the United States alleges as follows:

## JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Linda B. Phillips is joined as a party because she may claim an interest in the property described below.

3. The defendant Robert S. Phillips is joined as a party because he may claim an interest in the property described below.

4. The defendant County of Suffolk, New York is joined as a party because it holds record title to the property described below.

5. The defendant J.S. Funding Corporation is joined as a party because it may claim a lien or other interest in the property described below.

6. The defendant New York State Department of Taxation and Finance is joined as a party because it may claim a lien or other interest in the property described below.

7. The defendant SW Anderson Sales Co. is joined as a party because it may claim a lien or other interest in the property described below.

8. The defendant Clerk of the Suffolk County Traffic and Parking Violations Agency is joined as a party because it may claim a lien or other interest in the property described below.

9. The defendant Town of Smithtown Receiver of Taxes is joined as a party because it may claim a lien or other interest in the property described below.

10. The defendant Calvary SPV I, LLC as assignee of Citibank, N.A. is joined as a party because it may claim a lien or other interest in the property described below.

11. The real property upon which the United States seeks to enforce its tax liens is

located at 434 Meadow Road, Kings Park, New York 11754 (the "Real Property"). The legal description of the Real Property is discussed below.

## COUNT ONE
**(Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)**

12. The United States incorporates by reference paragraphs 1 through 11 as if specifically realleged herein.

13. In a deed recorded in the County of Suffolk, New York on November 8, 1982, under which Defendants Linda B. Phillips and Robert S. Phillips took title to the residential real property located at 434 Meadow Road, Kings Park, New York 11754 (the "1982 Deed"). The deed was recorded at liber 9267 and pages 92-93. The deed reflects that the property is in District 0800, Section 04600, Block 0200, and Lot 008000. It reflects a legal description for the property as follows:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Kings Park, Town of Smithtown, County of Suffolk and State of New York being lot #419 and part of lot #418, Supplemental 11th Map of Agricultural City Co., which said map was filed in the Suffolk County Clerk's Office on January 18, 1897 as Map #405, which said lot and part of lot when taken together are more particulary bounded and described as follows:
>
> BEGINNING at a point on the westerly side of Meadow Road distant 3061.60 feet northeasterly and northerly from the corner formed by the intersection of the northeasterly side of Smithtown Road (Northport Road) with the northwesterly side of Meadow Road; said beginning point also being where the division line between lots #419 & #420 according to said map intersects the westerly side of Meadow Road; RUNNING thence north 86° 51' 37" west along said division line 1228.55 feet to the easterly line of lot #479; RUNNING THENCE north 5° 12' 40" east along said lot 84.29 feet to the southeast corner of lot #480; RUNNING THENCE north 3° 00' 00" east along said lot #480, 89.00 feet to the division line between lots 417 & 418 according to said map; RUNNING THENCE south 87° 00' 00" east along said division line 970.38 feet; RUNNING THENCE south 0° 5' 30" west through lot 418, 89.10 feet to the division line between lots 418 & 419 according to said map; RUNNING THENCE south 87° 00' 00" east along said division line 244.76 feet to the westerly side of Meadow Road; RUNNING THENCE south 0° 41' 44" east along the westerly side of Meadow Road 87.40 feet to the point or place of BEGINNING.

14. On December 20, 1984, a deed to the residential real property located at 434 Meadow Road, Kings Park, New York 11754 was recorded in the County of Suffolk, New York as a confirmatory deed to include the middle initials of the Phillipses in the title (the "1984 Deed"). The deed was recorded at Liber 9700 and pages 01-02. It reflects the legal description for the property as follows:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being ~~XXXXX~~ at Kings Park, Town of Smithtown, County of Suffolk, State of New York, being Lot # 419 and part of lot 418, Supplemental 11th Map of Agricultural City Co., which said map was filed in said lot and part of lot when taken together are more particularly bounded and described as follows: BEGINNING at a point on the westerly side of Meadow Road distant 3061.60 feet northeasterly and northerly from the corner formed by the intersection of the northeasterly side of Smithtown Road (Northport Road) with the northwesterly side of Meadow Road said beginning point also being where the division line between lots 419 and 420 according to said map intersects the westerly side of Meadow Road; RUNNING THENCE North 86 degrees 51 minutes 37 seconds West along said division line 1228.55 feet to the easterly line of lot 479; RUNNING THENCE North 5 degrees 12 minutes 40 seconds East along said lot 84.29 feet to the southeast corner of lot 480; RUNNING THENCE North 3 degrees 00 minutes 00 seconds East along said lot 480, 89.00 feet to the division line between lots 417 and 418 according to said map; RUNNING THENCE South 87 degrees 00 minutes 00 seonds East along said division line 970.38 feet; RUNNING THENCE South 0 degrees 5 minutes 30 seconds West through lot 418, 89.10 feet to the division line between lots 418 and 419 according to said map; RUNNING THENCE South 87 degrees 00 minutes 00 seconds East along said division line 244.75 feet to the westerly side of Meadow Road; RUNNING THENCE South 0 degrees 41 minutes 44 seconds East along the westerly side of Meadow Road 87.40 feet to the point or place of BEGINNING.
>
> This is a confirmatory deed to add the middle initials of the parties who are the same.

15. On June 7, 1991, a deed was recorded in the County of Suffolk, New York reflecting that the Phillipses transferred title to a portion of the residential real property located at 434 Meadow Road, Kings Park, New York 11754, which they acquired with the 1982 Deed and retitled with the 1984 Deed, that is referred to as a "strip of land abutting the westerly side of Meadow Road" to the Town of Smithtown for what is referred to as "highway purposes with respect to Meadow Road" (the "1991 Deed). In the left margin of the deed, together with the typed and printed district, section, block, and lot numbers also is typed the words "road

widening." It reflects a legal description of property as follows:

> ALL that certain plot, piece or parcel of land, ~~with the buildings and improvements thereon erected~~, situate, lying and being in the Town of Smithtown, County of Suffolk and State of New York, known and designated as a strip of land abutting the westerly side of Meadow Road as shown on a certain map entitled, "Proposed Map of Terri Court" and to be filed in the Office of the Clerk of the County of Suffolk, being more particularly bounded and described as follows:
>
> BEGINNING at a point on the existing westerly side of Meadow Road where the same is intersected by the North east corner of the premises about to be described herein said point being distant 908.73 feet southeasterly and southerly as measured along the southwesterly and westerly side of Meadow Road from the corner formed by the intersection of the southerly side of Columbus Avenue with the southwesterly side of Meadow Road;
> Running thence from said point or place of beginning along the existing westerly side of Meadow Road South 0 degrees 41 minutes, 44 seconds East 87.40 feet to a point;
> Running thence North 86 degrees, 51 minutes, 37 seconds West 5.00 feet to the new proposed westerly side of Meadow Road;
> Running thence along the new proposed westerly side of Meadow Road North 0 degrees, 41 minutes, 44 seconds West 87.39 feet to a point and;
> Running thence South 87 degrees, 00 minutes, 00 seconds East 5.00 feet to the existing westerly side of Meadow Road at the point or place of BEGINNING.
>
> The Premises herein are being conveyed to the Town of Smithtown by the Party of the First Part for the highway purposes with respect to Meadow Road.

16. The residential real property with respect to which the United States seeks to enforce federal tax liens in this case is the real property described in the 1982 and 1984 Deeds less the strip of land that was conveyed to the City of Smithtown by the 1991 Deed, and it is referred to below as the "Real Property."

17. On October 15, 2020, an Indenture was recorded in the County of Suffolk, New York at Liber 13074, Page 580, reflecting that John M. Kennedy, Jr., as the Comptroller of the County of Suffolk, New York transferred title to several real properties to the County of Suffolk, New York as a result of a public sale due to nonpayment of real property taxes (the "2020 Indenture"). One of the properties is listed on the Indenture as District 0800, Section 04600, Block 0200, and Lot 008001 and as owned by the Phillipses. The lot number is slightly different than the lot number on the 1982, 1984, and 1991 Deeds, which each reflect the lot number as 008000.

18. The conveyance of the Real Property described in paragraph 17 was made subject to the federal tax liens described below because the IRS was not provided with timely notice in accordance with 26 U.S.C. § 7425. Alternatively, to the extent that the Lot number 08001 reflected in the 2020 Indenture does not relate to some or all of the Real Property, the convyeance did not divest the federal tax liens.

19. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury made assessments in accordance with the law against Linda Phillips, as a person responsible for collecting, truthfully accounting for, and paying over to the IRS, the federal income, Federal Insurance Contributions Act ("FICA"), and Medicare taxes withheld from the wages of the employees of Frost Sheet Metal Co. Inc., and who willfully failed to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the following quarterly tax periods as follows (the date to which the balances shown here apply is the date of the Judgment described below):[1]

| Tax Period Ending | Date of Assessment | Type of Assessment | Assessed Amount | Balance Due as of 6/20/2011 |
|---|---|---|---|---|
| 09/30/1999 | 02/05/2001 | Misc. Penalty (6672) | $293,645.34 | $532,467.04 |
| 06/30/2000 | 06/16/2003 | Misc. Penalty (6672) | $39,359.55 | $61,320.44 |
| 09/30/2000 | 11/25/2002 | Misc. Penalty (6672) | $103,562.73 | $166,059.26 |
| 12/31/2000 | 11/25/2002 | Misc. Penalty (6672) | $76,109.36 | $122,038.75 |
| 03/31/2001 | 11/25/2002 | Misc. Penalty (6672) | $55,527.87 | $89,037.00 |

20. On, or about, the date of the above assessments, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessment to and made a demand

---

[1] A penalty assessed under 26 U.S.C. 6672 is also commonly referred to as trust fund recovery penalty ("TFRP"). It is, however, not a penalty in substance but rather a liability of certain persons for tax required to be withheld from the wages of employees and paid over to the IRS. *E.g. United States v. Sotelo*, 436 U.S. 268, 273-275 (1978); *Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir. 1970).

for payment of the assessed liabilities upon the defendant-taxpayer, Linda Phillips.

21. Linda Phillips failed, neglected, or refused to pay the amount of the assessments in full, and, after the application of all abatements, payments and credits, she remains indebted to the United States of America for unpaid assessed internal revenue taxes and interest in the amount of $970,922.49, plus such additional amounts as may have accrued from June 20, 2011 (the date of the Judgment described below), or may continue to accrue as provided by law.

22. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury made assessments in accordance with the law against Robert Phillips, as a person responsible for collecting, truthfully accounting for, and paying over to the IRS, the federal income, FICA, and Medicare taxes withheld from the wages of the employees of Jersey Sheet Metal Works, Inc., and who willfully failed to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the following quarterly tax periods as follows (the date to which the balances shown here apply is the date of the Judgment described below):

| Tax Period Ending | Date of Assessment | Type of Assessment | Assessed Amount | Balance Due as of 6/20/2011 |
|---|---|---|---|---|
| 09/30/2003 | 01/09/2006 | Misc. Penalty (6672) | $83,959.52 | $60,075.51 |
| 12/31/2003 | 01/09/2006 | Misc. Penalty (6672) | $79,355.81 | $108,412.37 |
| 03/31/2004 | 01/09/2006 | Misc. Penalty (6672) | $59,914.13 | $44,051.50 |
| 06/30/2004 | 01/09/2006 | Misc. Penalty (6672) | $77,338.84 | $105,656.89 |
| 09/30/2004 | 01/09/2006 | Misc. Penalty (6672) | $87,750.47 | $10,853.54 |
| 03/31/2007 | 12/24/2007 | Misc. Penalty (6672) | $57,505.68 | $67,590.07 |
| 06/30/2007 | 04/13/2009 | Misc. Penalty (6672) | $109,353.51 | $110,570.02 |
| 09/30/2007 | 04/13/2009 | Misc. Penalty (6672) | $127,155.41 | $138,433.73 |
| 12/31/2007 | 04/13/2009 | Misc. Penalty (6672) | $108,562.09 | $118,191.24 |
| 03/31/2008 | 04/13/2009 | Misc. Penalty (6672) | $179,381.35 | $195,291.98 |

| 06/30/2008 | 04/13/2009 | Misc. Penalty (6672) | $171,180.16 | $186,363.35 |
| 09/30/2008 | 08/10/2009 | Misc. Penalty (6672) | $144,587.11 | $155,457.45 |
| 12/31/2008 | 08/10/2009 | Misc. Penalty (6672) | $55,098.31 | $55,020.74 |

23. On, or about, the date of assessments, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessment to and made a demand for payment of the assessed liabilities upon the defendant-taxpayer, Robert Phillips.

24. Robert Phillips failed, neglected, or refused to pay the amount of the above assessments in full, and, after the application of all abatements, payments and credits, he remains indebted to the United States of America for unpaid assessed internal revenue taxes and interest in the amount of $1,355,968.39, plus such additional amounts as may have accrued from June 20, 2011 (the date of the Judgment described below), or may continue to accrue as provided by law.

25. On October 19, 2009, a delegate of the Secretary of the Treasury made an assessment in the amount of $23,493.00 against the defendants Linda B. and Robert S. Phillips for unpaid Form 1040 federal income taxes, penalties, and interest for the 2007 federal income tax year.

26. A delegate of the Secretary of the Treasury of the United States properly issued notice of the assessment described in the preceding paragraph to Linda and Robert Phillips.

27. Despite such notice and demand, the defendants Linda and Robert Phillips failed, neglected, or refused to pay the full amount of the assessment for income tax for 2007 in full, and, after the application of all abatements, payments and credits, they remain indebted to the United States for unpaid federal income taxes, interest, penalties, and other statutory additions in the total amount of $4,197.86, as of June 20, 2011 (the date of the Judgment described below), plus interest and other statutory additions from that date.

28. Because Linda B. and Robert S. Phillips neglected, refused, or failed to pay the liabilities described above after notice and demand, federal tax assessment liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Real Property.

29. Notices of Federal Tax Lien ("NFTL") were filed with the Suffolk County Clerk Records Office, in accordance with 26 U.S.C. § 6323(f) and (g) and § 6325(f), and some of them were refiled in accordance with those statutes, as follows:

| Recording Date | Type of Instrument and IRS Serial No. | Type of Tax Liabilities and Period(s) |
|---|---|---|
| 10/25/2005 | NFTL Filed with Ser. No. 253477705. | 6672 Liabilities for the third quarter of 1999, the second, third, and fourth quarter of 2000, and the first quarter of 2001 against Linda Phillips |
| 12/11/2009 | NFTL Filed with Ser. No. 600075809. | 1040 Liabilities for 2007 against Linda and Robert Phillips |
| 7/26/2010 | NFTL Refiled Ser. No. 678940910 Originally Filed 10/25/2005 with Ser. No. 253477705 | 6672 liabilities for the third quarter of 1999 against Linda Phillips |
| 2/8/2012 | NFTL Refiled Ser. No. 8462320612; Originally Filed 10/25/2005 with Ser. No. 253477705 | 6672 Liabilities for third, and fourth quarters of 2000, and the first quarter of 2001 against Linda Phillips |
| 10/12/2012 | NFTL Refiled Ser. No.897082312; Originally Filed 10/25/2005 with Ser. No. 253477705 | 6672 Liabilities for second quarter of 2000 against Linda Phillips |
| 2/28/2017 | NFTL Refiled Ser. No. 248712517; Originally Filed 6/24/2008 with Ser. No. 451261508 | 6672 Liabilities for first quarter of 2007 against Robert Phillips |
| 2/28/2017 | Partial Revocation of Release, Ser. No. 28067006 | 6672 Liabilities for the second, third, and fourth quarters of 2003, and the first, second, and third quarters of 2004 against Robert Phillips |
| 7/23/2019 | NFTL Refiled Ser. No.368386619; Originally Filed 12/11/2009 with Ser. No. 600075809 | 1040 Liabilities for Linda and Robert Phillips for 2007 |

| 7/23/2019 | NFTL Refiled Ser. No.368392019; Originally Filed 10/14/2009 with Ser. No. 585832209 | 6672 Liabilities for third and fourth quarters of 2008 against Robert Phillips |
|---|---|---|

30. The following federal tax liens that are listed in the table above are valid and subsisting:

    a. <u>Joint Income Tax Liability for 2007</u> - A NFTL for this liability was recorded originally on 12/11/2009. A refiled Notice was recorded on 7/23/2019, which reflects the balance owed on this liability is $158,685.65. Based on an IRS Account Transcript, as of February 14, 2022, this liability is $5,968.63.

    b. <u>TFRP against Robert Phillips for first quarter 2007</u> - A NFTL for this liability was recorded originally on 6/24/2008. A refiled Notice was recorded timely on 2/28/2017, showing an amount owed of $80,962.02. Based on an IRS Account Transcript, as of February 14, 2022, this liability is $100,164.56.

    c. <u>TFRPs against Robert Phillips for third and fourth quarters 2008</u> - A NFTL for these liabilities was recorded originally on 10/14/2009. A refiled Notice was recorded timely on 7/23/2019, showing the total amount owed for them was $208,719.91 and $73,871.82, respectively. Based on IRS Account Transcripts, as of February 14, 2022, these liabilities are $230,328.11 and $ 81,457.34, respectively.

    d. <u>TFRP against Linda Phillips for second quarter 2000</u> - A NFTL for this liability was recorded originally on 10/25/2005. A refiled Notice was recorded timely on October 10, 2012, showing an amount owed of $39,359.55. Based on an IRS Account Transcript, as of February 14, 2022, this liability is $90,897.35.

31. The federal tax liens for Robert Phillips' tax liabilities described in the prior paragraph attach to a fifty-percent interest in the Real Property. The federal tax liens for Linda Phillips's tax liabilities described in the prior paragraph attach to a fifty-percent interest in the Real Property.

32. On May 17, 2011, the United States filed and served an amended complaint to reduce to judgment the above-described assessments in this Court in *United States v. Linda B. and Robert S. Phillips*, Civil Action No. 2:11-cv-00545-DRH-ARL. (*See* Doc. 2 in that case.)

33. On July 1, 2011, the Court entered judgment in favor of the United States and

against Linda B. Phillips for the above trust fund recovery penalty assessments in the total amount of $970,922.49, plus statutory interest from June 20, 2011. On that date, the Court also entered judgment in favor of the United States and against Robert S. Phillips for the above the above trust fund recovery penalty assessments in the total amount of $1,355,968.39, plus statutory interest from June 20, 2011. On that date, the Court further entered a judgment in favor of the United States and against Linda B. and Robert S. Phillips for the above income tax assessment in the total amount of $4,197.86, as of June 20, 2011, plus interest and other statutory additions from that date.

34. On April 23, 2012, the United States recorded abstracts of judgment for the judgments described in the preceding paragraph in the Suffolk County Clerk Records Office which created liens for the judgments on all real property of the judgment debtors in Suffolk Count ("Judgment Liens").

35. In 2015, the County of Suffolk, New York published a notice of sale of real property purportedly owned by Linda B. and Robert S. Phillips in Kings Park, New York for nonpayment of real property taxes.

36. In 2015, the County of Suffolk, New York did not provide notice of sale of the real property purportedly owned by Linda B. and Robert S. Phillips in Kings Park, New York for nonpayment of real property taxes to the United States and its agencies in accordance with 26 U.S.C. 7425. At the time the county published notice of the sale, those responsible for the local tax sale were apparently unaware of the notices of federal tax lien and the abstracts of judgment that were recorded with respect to federal tax liabilities of the Phillipses.

37. In December, 2015, the County of Suffolk, New York offered the real property purportedly owned by Linda B. and Robert S. Phillips in Kings Park, New York at public auction

at the Dennison Building in Hauppauge, New York, and it purchased a Certificate of Sale of the property at the auction.

38. After purchasing the Certificate of Sale, the County of Suffolk, New York agreed to multiple payment plans with the Phillipses, and it accepted payments from them under those plans until December 30, 2019.

39. On October 7, 2020, Suffolk County acquired title to the real property at District 0800, Section 04600, Block 0200, and Lot 008001, when John M. Kennedy, Jr., as the Suffolk County Comptroller, granted a deed to it to the County of Suffolk, New York.

40. On October 15, 2020, the County of Suffolk, New York had the 2020 Indenture recorded.

41. Because the County did not give notice of the sale of the real property purportedly owned by Linda B. and Robert S. Phillips in Kings Park, New York to the United States and its agencies in accordance with 26 U.S.C. 7425, it took title to the property at District 0800, Section 04600, Block 0200, and Lot 008001 subject to valid and subsisting federal tax liens for the federal tax liabilities of the Phillipses. Alternatively, to the extent that the Lot number 08001 reflected in the 2020 Indenture does not relate to some or all of the Real Property, it did not divest the federal tax liens.

42. Also, the County took title to the real property purportedly owned by Linda B. and Robert S. Phillips in Kings Park, New York subject to the judgment liens for the federal tax liabilities of the Phillipses. Alternatively, to the extent that the Lot number 08001 reflected in the 2020 Indenture does not relate to some or all of the Real Property, it did not divest the judgment liens for the federal tax liabilities of the Phillipses.

43. The United States is entitled to enforce the federal tax liens for (a) the Phillipses'

Joint Income Tax Liability for 2007 ($5,968.63 of February 14, 2022), (b) a TFRP against Robert Phillips for first quarter 2007 ($100,164.56 as of February 14, 2022), (c) TFRPs against Robert Phillips for third and fourth quarter 2008 ($230,328.11 and $ 81,457.34, respectively, as of February 14, 2022), and (d) a TFRP against Linda Phillips for second quarter 2000 ($90,897.35 as of February 14, 2022), against the Real Property pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. § 3202(e), and to have the entire Real Property sold in a judicial sale – including by a receiver if requested by the United States – free and clear of all liens, claims or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; and second to the United States to pay the liabilities secured by the federal tax liens described above in this paragraph, except to the extent that the Court determines that another party has a superior right, title, claim, lien or interest.

44. Alternatively, the United States is entitled to enforce the Judgment Lien for (a) the Phillipses' Joint Income Tax Liability for 2007, (b) a TFRP against Robert Phillips for first quarter 2007, (c) TFRPs against Robert Phillips for third and fourth quarter 2008, and (d) a TFRP against Linda Phillips for second quarter 2000, against the Real Property pursuant to 28 U.S.C. 3201.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 and/or judgment liens under 28 U.S.C. 3201 securing the tax liabilities described above on the Real Property;

B. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. §§ 7402(a) and 7403 against the Real Property by ordering the sale of the

entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; and second to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, claim, lien or interest; and

    C.    The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Alan Shapiro*
ALAN SHAPIRO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
Telephone: (202) 532-3714
Telephone Facsimile: (202) 514-5238
E-Mail: alan.m.shapiro@usdoj.gov