FILED
CLERK

December 7, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X,

UNITED STATES OF AMERICA,

                Plaintiff,

  -against-

                                                        **ORDER**

LINDA B. PHILLIPS, *et al.*,                              22 CV 2564 (GRB)(JMW)


                Defendants.
------------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

To be clear, the adage "*rules are made to be broken,*"[1] does not apply to discovery practice in the federal courts. Nor will the undersigned countenance disregard of discovery orders or callous indifference to the rules. Before the Court is the motion of Defendants County of Suffolk ("County") and the Suffolk County Traffic Violations Bureau s/h/a Clerk of the Suffolk County Traffic and Parking Violations Agency (collectively "Defendants") to extend the dates and deadlines generally set forth in the Scheduling Order entered August 24, 2022 (DE 28), and to allow Defendants to respond to the Plaintiff's Request for Admissions ("RFA"), which response is overdue (DE 30).

Plaintiff opposes the application (DE 32).

---

[1] This phrase was attributed to five-star Army General Douglas MacArthur. Of course, in April 1951, President Truman relieved General MacArthur of his command of U.S. forces in Korea, forcing him into retirement due to his insubordination. *See The Firing of MacArthur*, Harry S. Truman Library Museum National Archives, found at https://www.trumanlibrary.gov/education/presidential-inquiries/firing-macarthur.

Defendants claim that the now well-known cyberattack on the County[2] prevents the County Attorneys' Office from having access to electronically stored information ("ESI") that it claims is needed to properly respond to the written discovery served by the United States (DE 30). Among the written discovery demands served on Defendants were the RFAs. According to the plain language of the rule, when an RFA is not responded to, it is deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).[3] Here, Defendants did not respond to the RFAs, so they are now deemed admitted unless the court orders otherwise. (It is abundantly clear from Plaintiff's opposition to this motion, that a stipulation is not forthcoming.)

Defendants never moved to extend court-ordered deadlines or for a protective order as they could have.[4] Rule 26(c) provides that for good cause shown, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("the touchstone for determining whether to issue a protective order under Rule 26(c) lies,

---

[2] Sarah Maslin Nir, *How A Cyberattack Plunged a Long Island County Into the 1990s*, N.Y. Times, 11/28/2022, https://www.nytimes.com/2022/11/28/nyregion/suffolk-county-cyber-attack.html.

[3] Waiver of objections also occurs by not responding to document demands, although neither party addresses that in the instant application. Under Federal Rule 34, a party must serve its responses to discovery demands within thirty days after being served with the requests, unless a shorter or longer time period is stipulated to or ordered by the Court. *See* Fed. R. Civ. P. 34(a)(2)(A). By failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available. *See Chowdhury v. Hamza Express Food Corp.,* No. 14-CV-150 (JBW), 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections.").

[4] The idea to seek a protective order under Rule 26(c) should not be an obscure concept for County Attorneys' Office. Barely over a month ago, in a separate matter where the County Attorney's Office similarly sought various extensions of discovery deadlines due to the cyberattack, the undersigned issued the following warning: "If the County is unable to provide a reasonably approximate date [by which it expects to comply with discovery deadlines], the County will be required then to formally move for a protective order pursuant to Rule 26(c) in order to justify continued suspension of its ongoing discovery obligations." *See Gross v Sanchez, et. al.* (20-cv-4873) (Electronic Order, dated Oct. 31, 2022).

in the first instance, on a party's ability to establish good cause"). The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Rofail*, 227 F.R.D. at 55.

Rule 16 provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 16(b)(1)(B). "[O]nce a court has set a scheduling order, a party may file an untimely motion to amend only upon making a showing of good cause." *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692 (ADS) (AKT), 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019). "[T]he language of Rule 16(b)(4) makes clear that the Court may modify a scheduling order only if there is a showing of 'good cause.'" *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (quoting Fed. R. Civ. P. 16(b)(4)); *see also Gregorian v. New York Life Ins. Co.,* CV 2007-5210 (KAM) (MDG) (E.D.N.Y. Oct. 14, 2008).

These two options were not exercised by the Defendants. Instead, in the face of Defendants' recalcitrant behavior – by not interposing objections, by not seeking a stipulation with Plaintiff and by not seeking a protective order or extension from the court *prior* to the expired deadlines – they now request a ninety-day extension to serve responses. Nothing in the application indicates the unavailability of witnesses, paper documents, or even back-up ESI to assist in responding to the RFAs. Indeed, Defendants do not even proffer a timetable for when access to the information will become available or any detail as to how the cyberattack prevents

3

access to discovery materials now. Simply seeking "forgiveness" rather than "permission" seems to be Defendants' approach, and such disregard of the rules, without seeking prior extensions, will not be countenanced.[5]

Deeming the RFAs admitted under the circumstances would lead to a harsh result. Having considered the reasons proffered, the circumstances and the timing, the Court in the exercise of its discretion, relieves the County of the "deemed" admissions to the RFAs and grants time for Defendants to serve its responses (and objections, if any), but not 90 days. All outstanding discovery demands, including RFAs must be answered on or before January 20, 2023. The parties are directed to continue with discovery as scheduled (DE 28) and the Court will address any further amendments or adjustments to the existing discovery schedule at the January 19, 2023 Status Conference.

In addition, the Assistant County Attorney assigned to this matter is hereby directed to provide a copy of this Order to the County Attorney for distribution to the County Attorneys' Office so that dates and deadlines in place in cases in this Court are not ignored. To the extent the County believes it is unable to comply with any outstanding discovery demands or court orders in this or any other cases before the undersigned because of the cyberattack, then affirmative steps must be taken by the County rather than pursuance of the "forgiveness instead of permission" path. Meet and confer with adversaries (Rule 37(a)), seek stipulations (Rule 29) or court orders (Rules 16 and 26), but do not follow the ostrich approach.

---

[5] To be clear, as to court-set deadlines, it is definitely not "easier to ask for forgiveness than it is to get permission" (as coined by Rear Admiral Grace Hopper). Rather, a request to extend a deadline *before* it lapses is the appropriate and preferred route. *See also* Fed. R. Civ. P. 6(b)(1)(A)-(B).

4

## CONCLUSION

For the foregoing reasons, Defendant the motion is granted in part, as set forth above.

Dated:   Central Islip, New York
        December 7, 2022

S O  O R D E R E D:

/S/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge